UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

WILLIAM L. SNEAD,

        Plaintiff,                  Case No. 2:11-cv-288

v.                                    Honorable Robert Holmes Bell

STATE OF WISCONSIN, et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

        This is a civil rights action brought by a *pro se* non-prisoner pursuant to 42 U.S.C. § 1983. On February 27, 2012, the court issued an Order to Show Cause why Plaintiff's action should not be dismissed for failure to serve named Defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. On March 2, 2012, Plaintiff filed a response which fails to address his failure to serve Defendants or to state that he is planning on executing such service. Moreover, Plaintiff states that it was never his goal to "sue someone," and that he was merely seeking a hearing allowing him to voice his concerns regarding "trials illegally done in public." Therefore, Plaintiff's complaint should be dismissed pursuant to Rule 4(m).

        In addition, a review of the allegations in Plaintiff's complaint do not state a claim under the United States Constitution. Plaintiff asserts that while living in the Defendant States, he was regularly subjected to taunting and other verbal abuse by various individuals in the community. However, Plaintiff fails to specify the nature of these taunts or to complain of any other conduct. Claims of abusive language and general harassment do not state a claim under the substantive due process clause. *Ivey v. Wilson*, 832 F.2d 950 (6th Cir. 1987); *Ishaaq v. Compton*, 900 F. Supp. 935,

944 (W.D. Tenn., 1995); *Meadows v. Gibson*, 855 F. Supp. 223, 225 (W.D. Tenn., 1994). The Sixth Circuit has held that a pattern of racial harassment involving racial slurs may violate the Equal Protection Clause. *Knop v. Johnson*, 977 F.2d 996, 1013-14 (6th Cir. 1992), cert. denied, 507 U.S. 973 (1993). However, the use of racial slurs, without harassment or some other conduct that deprives the victim of established rights, fails to state a claim for violation of the Equal Protection Clause. *Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir. 1999); *Williams v. Kaufman County*, 86 F. Supp. 2d 586, 598 (N.D. TX, Feb. 7, 2000); *Oliver v. Cuttler*, 968 F. Supp. 83, 88 (E.D. N.Y., May 24, 1997). Because the conduct alleged by Plaintiff does not violate his rights under the United States Constitution, his complaint is properly dismissed for lack of merit.

Accordingly, for the reasons set forth above, the undersigned recommends dismissal of Plaintiff's complaint. In addition, for the same reasons that the undersigned recommended dismissal of this action, the undersigned discerns no good-faith basis for an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1961).

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: May 2, 2012